**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BART TURNER & ASSOCIATES, CENTRAL TEXAS SOLUTIONS, and INTERIOR SOLUTIONS, INC.,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:13-CV-2921-L** |
| **BRIAN KRENKE, RICHARD BUTRYM, DAVID FAIRBURN, KRUEGER INTERNATIONAL, INC., and MICHELLE GIBSON,** | § § § § § § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiffs' Motion to Remand to State Court, filed August 22, 2013; and Defendants' Rule 12(b)(6) Motion to Dismiss [Complaint], filed August 2, 2013. After careful consideration of the motions, responses, briefs, record, pleading, and applicable law, the court **denies** Plaintiffs' Motion to Remand to State Court; and **grants** Defendants' Rule 12(b)(6) Motion to Dismiss [Complaint].

**I.   Background**

Bart Turner & Associates, Central Texas Solutions, and Interior Solutions, Inc. ("Plaintiffs") filed this action in the 160th Judicial District Court of Dallas County, Texas, on June 25, 2013, against Brian Krenke ("Krenke"), Richard Butrym ("Butrym"), David Fairburn ("Fairburn"), Krueger International, Inc. ("Krueger"), and Michelle Gibson ("Gibson") (collectively "Defendants"). Plaintiffs' First Amended Original Petition ("Petition") was filed on July 9, 2013. Plaintiffs allege claims of conspiracy and tortious interference "with the employment

and agency contracts between Plaintiffs Turner and CTS [Central Texas Solutions] and their respective employees and agents." Pls.' First Am. Original Pet. 2.

Defendants removed this action to federal court on July 26, 2013, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants contend that Gibson, a Texas citizen, was improperly joined to defeat diversity jurisdiction and that her citizenship should therefore be disregarded.

Plaintiffs seek to remand this action to state court because it contends that Plaintiffs and Gibson are all citizens of Texas, which destroys complete diversity of citizenship between the parties. Plaintiffs contend that the allegations against Gibson that she conspired with other Defendants to steal the actual and potential business relationships of Plaintiffs are sufficient to state valid and well-recognized claims under state law against her.

Defendants counter that Gibson was improperly joined because the allegations of the Petition against Gibson do not provide a reasonable possibility for the district court to predict that Plaintiffs might be able to recover on the claims pleaded against Gibson, the in-state defendant. In this regard, Defendants contend that the allegations of Plaintiffs' Petition have no basis in fact or law.

## II.     Plaintiffs' Motion to Remand

### A.     Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in

**Memorandum Opinion and Order – Page 2**

the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id*. at 571 n.1. Accordingly, the court uses the term "improper joinder" in this opinion. As the parties wishing to invoke federal jurisdiction by alleging improper joinder, Defendants have the burden to establish that Gibson was joined by Plaintiffs to defeat federal jurisdiction. *Id*. at 575. The court is to resolve "any doubt as to the propriety of removal" in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks omitted).

Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to a federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). Otherwise stated, the statute requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). The citizenship of a party that is improperly joined must be disregarded or ignored in determining whether diversity of citizenship exists. *Johnson v. Heublein Inc.*, 227 F.3d 236, 240 (5th Cir. 2000); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995).

To establish improper joinder, Defendants must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v.*

**Memorandum Opinion and Order – Page 3**

*State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since Defendants do not assert fraud by Plaintiffs, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id*. If there is a reasonable possibility that Plaintiff can recover on any of his claims, there is no improper joinder, and the case must be remanded. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted). On the other hand, if there is no reasonable possibility for predicting liability against the nondiverse defendant, improper joinder exists, and the action remains in federal court.

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would

**Memorandum Opinion and Order – Page 4**

preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

### B.     Discussion

#### 1.     State Requirements for Civil Pleadings

The state standard for pleadings is more relaxed than the federal standard. A pleading in district or county courts of Texas is to include a "statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45(b). Texas courts are not to "give pleadings a too cabined reading." *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995). Under Texas law, the pleading standard is one of "fair notice of the claim involved." Tex. R. Civ. P. 47(a). This standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App.—Fort Worth 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007). A state court petition is to be liberally construed and is adequately pleaded if one can reasonably infer a cause of action from what is stated in the petition, even if the pleading party fails to allege specifically one of the elements of a claim. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citations omitted).

On March 1, 2013, Rule 91a of the Texas Rules of Civil Procedure became effective. This new rule provides in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

Tex. R. Civ. P. 91a.1. The motion must be decided "solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." Tex. R. Civ. P. 91a.6. This new rule now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6). The standard for pleading in Texas is still fair notice; however, fair notice must now be judged in the context of Rule 91a.

### 2.     Federal Requirements for Civil Pleadings

As previously stated, the federal standard is more stringent than the Texas pleading standard with respect to the sufficiency of the allegations to state a claim or cause of action. To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a

**Memorandum Opinion and Order – Page 6**

cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or

**Memorandum Opinion and Order – Page 7**

legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### 3.     Applicability of Texas Pleading Standard

The court determines that it should apply the Texas pleading standard in evaluating the sufficiency of the allegations contained in Plaintiff's Petition. In an unpublished opinion, the Fifth Circuit applied Texas's "fair notice" pleading standard rather than the federal standard to determine whether the allegations of the petition in a removed case were sufficient to allege a claim under state law. *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537-38 (5th Cir. 2005). Although *De La Hoya* is unpublished, its application of the Texas pleading standard is logical and sound. When a party files suit in a Texas court, the party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system. The court does not believe that one pleading in state court should be so hapless to be put in the untenable position of having to anticipate removal to a federal court system that applies a more exacting pleading standard. Fundamental fairness compels that the standard applicable at

the time the initial lawsuit was filed in state court or removed should govern. For these reasons, the court applies the Texas "fair notice" standard to the allegations of the Petition and examines it in the context of Texas Rule of Civil Procedure 91a.

### 4.  Sufficiency of Plaintiffs' Pleadings

As previously stated, fair notice must now be judged in the context of rule 91a. The allegations of the Petition are "bare-bone" or "threadbare." They are wholly conclusory, and the court cannot say that the allegations against Gibson meet the "fair notice" standard that governs in the Texas court system. The totality of Plaintiffs' factual allegations is as follows:

> Central Texas Solutions (hereinafter "CTS"), and Bart Turner Associates (hereinafter "Turner") are Texas limited liability companies. Interior Solutions, Inc. (hereinafter "Solutions") is a Texas Corporation. Krueger International, Inc. (hereinafter "Krueger") retained CTS and Turner to act as sales representatives on Krueger's behalf in Texas. In 2012, during the course of the business relationship Brian Krenke, the President of Krueger International, Inc., Richard Butrym, its vice president of Sales, and David Fairburn engaged in a tortious conspiracy that substantially harmed Turner and CTS.
>
> Defendants Krenke, Butrym, and Fairburn conspired with Michelle Gibson, an independent sales representative of Plaintiffs Turner and CTS, with the objectives of accomplishing unlawful purposes including: breaching Michelle Gibson's fiduciary duty with Plaintiffs Turner and CTS; and, tortiously interfering with the employment and agency contracts between Plaintiffs Turner and CTS and their respective employees and agents. The members of this conspiracy had a meeting of the minds on the course of action. One or more of the members committed an unlawful, overt act to further the course of action; and Turner and CTS suffered injuries as a proximate result of the wrongful acts.
>
> Plaintiffs Turner and CTS had valid contracts with their independent sales representatives. The contracts and relationships between Plaintiffs and their independent sales representatives gave rise to a fiduciary relationship between Plaintiffs and their independent sales representatives. Defendants willfully and intentionally interfered with the contracts between Plaintiffs and its independent sales representatives. In addition, Defendant induced the breach of the contracts and hindered performance of the contracts. The interference proximately caused the Plaintiffs' injuries; and the Plaintiffs incurred actual damage or loss.

**Memorandum Opinion and Order – Page 9**

>   Plaintiffs Turner and CTS had a fiduciary relationship with Michelle Gibson. Michelle Gibson breached her fiduciary relationship to the Plaintiffs, and her breach resulted in injury to Turner and CTS and benefit to the Defendants.
>
>   Solutions had a valid contract with Turner and CTS to perform services in connection with the sales that Turner and CTS made. Defendants Krenke, Butrym, and Fairburn willfully interfered with the contract and proximately caused Solutions actual damage or loss.
>
>   Pleading further, and in the alternative, Krenke, Butrym and Fairburn were in the course and scope of their employment with Defendant Krueger at the time they tortiously interfered with the contracts between Plaintiffs and their independent sales representatives and at the time they conspired to have Michelle Gibson breach her fiduciary duties to Plaintiffs.

Pls.' First Am. Original Pet. 2-3.

Remarkably, Plaintiffs acknowledge that the allegations of the Petition are "admittedly sparse." Mot. to Remand 2, ¶ 4. While it is true, as Plaintiffs argue, that the torts of conspiracy and tortious interference are well-recognized causes of action in Texas, the argument misses the mark. The question is whether the court, based on the *allegations of the pleadings at the time of removal*, has a reasonable basis to predict that Plaintiffs might recover against Gibson, the nondiverse defendant, on the claims asserted. There are simply no underlying facts to support the conclusory statements that Gibson "conspired" or "tortiously interfered" with a party's contractual relationship. At a minimum, a claim or cause of action must assert basic facts as a starting point on which to build. Here, there are not even minimal facts for a reasonable person to understand the factual bases for Plaintiffs' claims against Gibson. Consequently, there are no allegations upon which to draw a reasonable inference that Plaintiffs are entitled to relief from Gibson. The court determines that the allegations are woefully inadequate for it to predict that Plaintiffs might be able to recover against Gibson on the claims asserted. Accordingly, the court concludes that

**Memorandum Opinion and Order – Page 10**

Gibson was improperly joined to defeat diversity jurisdiction, and thus denies the motion to remand.

### III.   Defendants' Motion to Dismiss [Complaint]

The court has determined that the allegations of the Petition do not allow it to reasonably predict that Plaintiffs might recover against nondiverse Defendant Gibson on the claims of conspiracy and tortious interference with a contractual relationship. In conjunction with this determination, the court denied Plaintiff's Motion to Remand to State Court. By doing so, the case remains in federal court. The court has held that Plaintiffs failed to meet the less stringent state requirements for pleading a claim. If Plaintiffs failed to meet the state requirements, it necessarily follows that they fail to meet the federal requirements for pleadings. As Plaintiffs fail to meet the more stringent federal pleading requirement as set forth in *Twombly* and *Iqbal,* the court will grant Defendants' Motion to Dismiss [Complaint]; however, the court determines that Plaintiff should be allowed an opportunity to amend and replead its allegations with the specificity required by *Twombly* and *Iqbal* as set forth earlier in this opinion and order.

### IV.   Conclusion

For the reasons herein stated, the court the court **denies** Plaintiffs' Motion to Remand to State Court and **grants** Defendants' Rule 12(b)(6) Motion to Dismiss [Complaint]. Plaintiffs **shall file** an amended pleading that comports with the requirements of section (II)(B)(2) of this opinion and order by **April 21, 2014**. Failure of Plaintiffs to amend as directed will subject this action to dismissal pursuant to Rule 12(b)(6) or Federal Rule of Civil Procedure 41(b).

**It is so ordered** this 31st day of March, 2014.

_____
Sam A. Lindsay
United States District Judge